UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-21523-ALTMAN

**ANGEL JOSE MARCANO PENA**,

    *Plaintiff*,

v.

**ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**, *et al.*,

    *Respondents*.

_____/

**ORDER DENYING EMERGENCY REQUEST
FOR TEMPORARY RESTRAINING ORDER**

Our Plaintiff, Angel Jose Marcano Pena, is a "citizen of Venezuela." Complaint [ECF No. 1] ¶ 24. The "Plaintiff entered the United States without inspection on or about September 26, 2021," and "was apprehended upon arrival and released shortly after." *Id.* ¶ 25. "Since then, [the] Plaintiff has resided in the United States . . . for more than four years[.]" *Id.* ¶ 26. "On or about July 11, 2022, [the] Plaintiff filed an Application for Asylum and For Withholding of Removal . . . based on his assertion of credible fear if returned to his native country of Venezuela." *Id.* ¶ 27. Three years later, on "April 30, 2025, [the] Plaintiff was place in removal proceedings" under "§ 240 of the Immigration and Nationality Act" ("INA"). *Id.* ¶ 28. On "May 13, 2025[,] . . . his asylum application was referred to the Immigration Court," *id.* ¶ 29, which "dismissed the Plaintiff's removal proceedings," *id.* ¶ 31, on "December 3, 2025," *id.* ¶ 30. Despite this dismissal, "[a]fter the hearing concluded, [the] Plaintiff was subsequently detained by ICE at the Miami Immigration Court." *Id.* ¶ 33. Then, on "February 26, 2026, [the] Plaintiff was deported from the United States . . . to his home country of Venezuela[.]" *Id.* ¶ 34.

The Plaintiff believes he was "deported from the United States unlawfully without due process of law[.]" *Ibid.* And, he says, "[a]s a result of [his] unlawful deportation," he "currently faces imminent risk of irreparable harm." *Id.* ¶ 37. The Complaint asserts fours claims: (1) unlawful removal under INA § 1231(b)(3)(A) (Count I), *see id.* ¶¶ 40–43; (2) unlawful removal under INA § 1229(a) (Count II), *see id.* ¶¶ 44–48; (3) a violation of the Administrative Procedures Act ("APA") (Count III), *see* ¶¶ 49–56; and (4) a violation of his Fifth Amendment due-process rights (Count IV), *see id.* ¶¶ 57–62.

The Plaintiff has now filed an Emergency Motion for an Ex-parte Temporary Restraining Order (the "Motion") [ECF No. 11]. In it, he claims that his "removal from the United States was without notice, without a hearing before an Immigration Judge, without any meaningful opportunity to be heard, and without legal authority." *Id.* ¶ 4. His deportation (he says) was therefore "without due process of law, in violation of the Fifth Amendment" and "carried out without lawful authority and in complete disregard of the procedural protections guaranteed by statute and the Constitution." *Id.* ¶ 6. He therefore asks us to "order[ ] [the] Defendants to facilitate the return of the Plaintiff to the United States in order to receive his due process and removal proceedings[.]" *Id.* at 1. For the following reasons, we **DENY** his request.

## THE LAW

A temporary restraining order, unlike a preliminary injunction, "may be issued 'without written or oral notice to the adverse party or its attorney[.]'" *Finkelstein v. Mt. Sinai Med. Ctr. of Fla.*, 2023 WL 6118179, at *2 n.1 (S.D. Fla. Sept. 19, 2023) (Altman, J.) (quoting FED. R. CIV. P. 65(b)(1)). A TRO "is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Although a "showing of irreparable injury is the sine qua non of injunctive relief[,]"

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (cleaned up), the movant "bears the 'burden of persuasion' to clearly establish *all four* of these prerequisites[,]" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (emphasis added) (citing *Siegel*, 234 F.3d at 1176); *see also Finkelstein*, 2023 WL 6118179, at *2 ("Still, a district court cannot grant a [TRO] unless the moving party satisfies all four of the requirements."). The movant must also "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" FED. R. CIV. P. 65(b)(1)(A); *see also Gentles-Daughtry v. Daughtry*, 2016 WL 8678027, at *2 (S.D. Fla. Jan. 20, 2016) (Cohn, J.) ("Here, the Court will deny Plaintiff's Motion because she has not sufficiently shown that she will suffer an irreparable injury unless the Court enters a temporary restraining order without affording Defendant any opportunity to respond. . . . Plaintiff's motion does not 'convince [the] court that there is immediate and great danger of irreparable injury that necessitates the temporary dispensing of some of the trappings of due process.'" (quoting 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2952 (3d ed. 1998))).

## ANALYSIS

Because a TRO, like a preliminary injunction, is "an extraordinary and drastic remedy," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), we must carefully scrutinize the Plaintiff's request for injunctive relief. As the Supreme Court has explained:

> There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing [of] an injunction. It is the strong arm of equity, that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending, and threatened so as to be averted only by the protecting preventive process of injunction.

*Truly v. Wanzer*, 46 U.S. (5 How.) 141, 142-43 (1847) (citation omitted).

Our Plaintiff wants us to order the Government to return him to the United States, so that he can go through formal removal processes. *See* Mot. at 4 (requesting "an emergency ex-parte temporary restraining order restraining the Defendants from continuing to violate [the] Plaintiff's due process

rights under the fifth [sic] Amendment of the U.S. Constitution an [sic] continuing to subject [the] Plaintiff to immediate danger, ordering [the] Defendants to facilitate the return of [the] Plaintiff to the United States in order to receive his due process and removal proceedings in front of an immigration judge"). After careful review, we find that the Petitioner hasn't met the first element of a TRO because he hasn't shown he's likely to succeed on any of his claims.

In his Complaint, the Plaintiff offers general and untethered citations to the Constitution, *see* Complaint ¶ 21, ("The Fifth Amendment's Due Process Clause protects aliens form deportation without proper proceedings (U.S.C.A. Const. Amend. V-Due Process)," the INA, *see id.* ¶ 17 ("8 U.S.C. § 1229(a) establishes the exclusive statutory process for determining whether a non-citizen is removable from the Unites States. The statute expressly provides that an 'immigration judge **shall** conduct proceedings for deciding the inadmissibility or deportability of an alien,' and that such proceedings are the sole and exclusive means for determining removability."), and several Supreme Court holdings, *id.* ¶ 22 ("The Due Process Clause of the Fifth Amendment requires that '[n]o person shall . . . be deprived of liberty . . . without due process of law.' 'Freedom from imprisonment—from government custody, detention or other forms of physical restraint—lies at the heart of the livery that Clause protects.'" (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)))). But the Plaintiff doesn't tell us how the Fifth Amendment, the APA, or the INA entitle him to relief. In fact, he fails to cite *any* authority (either binding or persuasive) that addresses any of the claims he's advanced here.

The Motion fares no better. Under our Local Rules, "[e]very motion when filed and served shall incorporate a memorandum of law citing supporting authorities[.]" S.D. FLA. L.R. 7.1(a)(1). And we've already warned the Plaintiff that he must comply with our Local Rules. "The Plaintiff and his counsel must comply with our Local Rules. *See* March 11, 2026,

Paperless Order Striking Emergency Petition for Failure to Comply with Local Rules [ECF No. 8] ("If the Plaintiff improperly files another emergency motion—or otherwise violates our Local Rules—we may impose sanctions, including dismissal without further notice."). Despite this clear instruction, the Plaintiff's Motion disregards Local Rule 7.1(a)(1) by citing *no* authority and providing *no* support for his position. It's simply not our job to make a party's legal arguments for him—especially where (as here) he demands a ruling within one day. *See* Mot. at 5 ("The undersigned asserts that the date by which a ruling is necessary is March 12, 2026, and the reason the ruling is necessary by March 12, 2026, is based on the allegations that [the] Plaintiff faces irreparable harm and danger each day that passes[.]").

"Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Our Plaintiff's "'skeletal argument' won't do." *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1244 (S.D. Fla. 2023) (Altman, J.) (quoting *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023)); *see also Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017) (Lenard, J.) ("A party's failure to cite legal authority in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'" (quoting *Rapid Transit Lines, Inc. v. Wichita Dev., Inc.*, 435 F.2d 850, 852 (10th Cir. 1970))). The Plaintiff has therefore failed to show that the "there is a substantial likelihood of success on the merits." *Parke*, 275 F.3d at 1034–35; *see also Crosby v. Fla.*, 2022 WL 195312, at *3 (M.D. Fla. Jan. 21, 2022) (Howard, J.) ("Most critically, [the] Plaintiff fails to provide a memorandum of law establishing that he is substantially likely to succeed on the merits of his claims or citing any legal authority in support of his request."); *CS Bus. Sys., Inc. v. Schar*, 2017 WL 1449683, at *3 (M.D. Fla. Mar. 31, 2017), *report and recommendation adopted*, 2017 WL 1426627 (M.D. Fla.

Apr. 21, 2017) (Lammens, Mag. J.) ("Here, the instant motion suffers from a dearth of legal authority, and this dearth renders the Court unable to determine whether Plaintiffs can to carry their burden."); *Arenales-Salgado-De-Oliveira v. Jaddou*, 2024 WL 68291, at *13 (S.D. Fla. Jan. 5, 2024) (Altonaga, C.J.) ("If the movant does not provide legal authority in support of its arguments, it has failed to satisfy' its burden." (cleaned up)).

## CONCLUSION

In short, we **ORDER and ADJUDGE** that the Plaintiff's Emergency Motion for an Ex-Parte Temporary Restraining Order [ECF No. 11] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida, on March 13, 2026

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record