**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21523-ALTMAN**

**ANGEL JOSE MARCANO PENA**,

    *Plaintiff*,

*v.*

**ACTING DIRECTOR OF U.S. IMMIGRATION**
**AND CUSTOMS ENFORCEMENT**, *et al.*,

    *Respondents*.

_____/

**ORDER DENYING EMERGENCY REQUEST**
**FOR TEMPORARY RESTRAINING ORDER**

Our Plaintiff, Angel Jose Marcano Pena, is a "citizen of Venezuela." Complaint [ECF No. 1] ¶ 24. The "Plaintiff entered the United States without inspection on or about September 26, 2021," and "was apprehended upon arrival and released shortly after." *Id.* ¶ 25. "Since then, [the] Plaintiff has resided in the United States . . . for more than four years[.]" *Id.* ¶ 26. "On or about July 11, 2022, [the] Plaintiff filed an Application for Asylum and For Withholding of Removal . . . based on his assertion of credible fear if returned to his native country of Venezuela." *Id.* ¶ 27. Three years later, on "April 30, 2025, [the] Plaintiff was placed in removal proceedings" under "§ 240 of the Immigration and Nationality Act" ("INA"). *Id.* ¶ 28. On "May 13, 2025[,] . . . his asylum application was referred to the Immigration Court," *id.* ¶ 29, which "dismissed the Plaintiff's removal proceedings," *id.* ¶ 31, on "December 3, 2025," *id.* ¶ 30. Despite this dismissal, "[a]fter the hearing concluded, [the] Plaintiff was subsequently detained by ICE at the Miami Immigration Court." *Id.* ¶ 33. Then, on "February 26, 2026, [the] Plaintiff was deported from the United States . . . to his home country of Venezuela[.]" *Id.* ¶ 34.

The Plaintiff argues that he was "deported from the United States unlawfully without due process of law[.]" *Ibid.* And, "[a]s a result of [his] unlawful deportation," he says, he "currently faces imminent risk of irreparable harm." *Id.* ¶ 37. The Complaint asserts fours claims: (1) unlawful removal under INA § 1231(b)(3)(A) (Count I), *see id.* ¶¶ 40–43; (2) unlawful removal under INA § 1229(a) (Count II), *see id.* ¶¶ 44–48; (3) a violation of the Administrative Procedure Act ("APA") (Count III), *see* ¶¶ 49–56; and (4) a violation of his Fifth Amendment due-process rights (Count IV), *see id.* ¶¶ 57–62.

The Plaintiff has now filed **three** emergency motions for a temporary restraining order. *See* First Emergency Motion [ECF No. 4]; Second Emergency Motion [ECF No. 11]; Third Emergency Motion [ECF No. 14]. On March 11, 2026, we struck the First Emergency Motion because "[t]he Plaintiff's Emergency Motion fail[ed] to comply with our Local Rules." Paperless Order Striking [ECF No. 8]. Later that same day, the Plaintiff filed his Second Emergency Motion, which we denied. *See Angel Jose Marcano Pena v. U.S. Immigr. & Customs Enf't, et al.*, 2026 WL 714475 (S.D. Fla. Mar. 13, 2026) (Altman, J.).

The Eleventh Circuit is "clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). As we explained, the Plaintiff's Second Emergency Motion didn't "tell us how the Fifth Amendment, the APA, or the INA entitle him to relief. In fact, he fail[ed] to cite *any* authority (either binding or persuasive) that addresses any of the claims he's advanced here." *Pena*, 2026 WL 714475, at *2. So, heeding the Eleventh Circuit's clear instructions, we denied the Second Emergency Motion because the Plaintiff "hasn't shown he's likely to succeed on any of his claims." *Ibid.* Plus, the Plaintiff's Second Emergency Motion *again* ignored our Local Rules. *See ibid.* ("[T]he Plaintiff's Motion disregards Local Rule 7.1(a)(1) by citing *no* authority and providing *no* support for his position."). Unhappy with our decision, the Plaintiff appealed to the Eleventh Circuit, *see* Notice

of Appeal [ECF No. 13], which promptly dismissed the appeal for lack of jurisdiction, *see* Order of Dismissal [ECF No. 17].

Now, the Plaintiff has filed yet another emergency motion. But this Third Emergency Motion is almost *identical* to the second—except for some spruced-up headings. *Compare generally* Third Emergency Motion, *with* Second Emergency Motion. Unfortunately, again, the Third Emergency Motion fails to cite any authority or support for the Plaintiff's position. "Clearly frivolous claims such as those raised here do no more than waste judicial resources." *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1556 (11th Cir. 1985). At this point, then, the Plaintiff (and his counsel) have filed three "emergency" motions in complete disregard of our Local Rules.

Which brings us to our two housekeeping matters. *First*, we **DENY** the Third Emergency Motion for all the reasons we outlined in *Pena*, 2026 WL 714475. "Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion." *Schiavo*, 403 F.3d at 1225-26. And we reiterate that our Plaintiff's "'skeletal argument' won't do." *Michaels v. Sasser's Glass Works Inc.*, 662 F. Supp. 3d 1223, 1244 (S.D. Fla. 2023) (Altman, J.) (quoting *United States v. Esformes*, 60 F.4th 621, 635 (11th Cir. 2023)); *see also Goldberg for Jay Peak, Inc. v. Raymond James Fin., Inc.*, 2017 WL 7791564, at *7 (S.D. Fla. Mar. 27, 2017) (Lenard, J.) ("A party's failure to cite legal authority in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'" (quoting *Rapid Transit Lines, Inc. v. Wichita Dev., Inc.*, 435 F.2d 850, 852 (10th Cir. 1970))); *Crosby v. Florida*, 2022 WL 195312, at *3 (M.D. Fla. Jan. 21, 2022) (Howard, J.) ("Most critically, [the] Plaintiff fails to provide a memorandum of law establishing that he is substantially likely to succeed on the merits of his claims or citing any legal authority in support of his request."); *Arenales-Salgado-De-Oliveira v. Jaddou*, 2024 WL 68291, at *13 (S.D. Fla. Jan. 5, 2024) (Altonaga, C.J.) ("If the movant does not provide legal authority in support of its arguments, it has failed to satisfy' its burden." (cleaned up)).

3

*Second*, we've *twice* warned the Plaintiff and his counsel that they must comply with our Local Rules or face sanctions. *See* Paperless Order Striking ("The Plaintiff and his counsel must comply with our Local Rules. If the Plaintiff improperly files another emergency motion—or otherwise violates our Local Rules—we may impose sanctions, including dismissal without further notice."); *Pena*, 2026 WL 714475, at *2 ("And we've already warned the Plaintiff that he must comply with our Local Rules."). By **March 19, 2026**, then, the Plaintiff's counsel must file a notice on the docket explaining why we shouldn't impose monetary sanctions on her.

### CONCLUSION

We therefore **ORDER and ADJUDGE** that the Plaintiff's Third Emergency Motion for an Ex-Parte Temporary Restraining Order [ECF No. 14] is **DENIED**. By **March 18, 2026**, the Plaintiff's counsel must file a notice on the docket explaining why we shouldn't impose monetary sanctions on her for her repeated disregard of our Local Rules.

**DONE AND ORDERED** in the Southern District of Florida, on March 20, 2026

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

4